UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
ROMAN KEVILLY,

                                Plaintiff,

                                          9:05-CV-1058
                            v.                         (GLS)(GHL)

W.F. HULIHAN, Deputy Superintendent of Programs,
Oneida Correctional Facility, *et al.*,

                                Defendants.
--------------------------------------------------------------------------
APPEARANCES:

ROMAN KEVILLY
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION AND ORDER

**I.    Background.**

The Clerk has sent to the Court an amended complaint filed by Roman Kevilly ("Plaintiff" or "Kevilly"), who is presently incarcerated at the Oneida Correctional Facility. Docket No. 7.  The amended complaint was filed in accordance with this Court's Order dated September 15, 2005. Docket No. 5.  The September Order also directed plaintiff to file a properly completed application to proceed *in forma pauperis*, which plaintiff has done.  Docket No. 6.

**II.    Application to Proceed *In Forma Pauperis*.**

Consideration of whether a *pro se* plaintiff should be permitted to proceed in forma pauperis is a two-step process.  First, the Court must determine whether the plaintiff may commence the action without prepaying, in full, the $250.00 filing fee.  Second, the Court must consider whether the causes of action stated in the complaint are frivolous or

malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "With these considerations in mind, the preferable practice for the district court is to grant leave to proceed *in forma pauperis* if the requirements of 28 U.S.C. § 1915(a) are satisfied on the face of the papers submitted and dismiss the proceeding under 28 U.S.C. § 1915(d) if the court thereafter determines that the application of poverty is untrue or the action is frivolous or malicious." *Baker v. Hardy*, Nos. 89-CV-003, 89-CV-013, 1989 WL 32097, at *2 (N.D.N.Y. Apr. 3, 1989) (citation omitted).

In the present case, the Court has determined that plaintiff has satisfied the first test since his affidavit sets forth sufficient economic need.

### III.    The Amended Complaint.

Turning to the second inquiry, the September Order advised plaintiff with respect to a number of legal issues impacting on his complaint. Those issues included his inability to represent a corporation in this Court,[1] the statute of limitations applicable to an action pursuant to 42 U.S.C. §1983,[2] and the requirements to set forth a claim pursuant to 42

---

[1] The September Order advised that it is well settled that "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993); *see also Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991). Therefore, while plaintiff may file a complaint that sets forth his individual claims, he may not assert claims on behalf of Roman Anthony Kevilly Enterprises, Inc. Thus, in any amended complaint filed in accordance with this Order, the claims on behalf of the corporate plaintiff must either be submitted by an attorney licenced to practice law in New York State or before this Court, or omitted from the amended complaint. *See* Docket No. 5.

[2] Plaintiff brings this action before the federal courts based upon 42 U.S.C. §1983. The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Therefore, plaintiff is advised that he cannot prevail on any claims asserted in his complaint which occurred prior to August 15, 2002. Thus, in any amended complaint submitted in accordance with this Order, plaintiff shall limit his statement of facts to those events that occurred within the statue of limitations. *Id.*

U.S.C. §1983.³  Plaintiff  was directed to file an amended complaint.  The September

---

³ In order for plaintiff to proceed with his claim that he was denied work release in violation of his constitutional rights, it must appear that plaintiff enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant work release privileges. However, it is well settled that plaintiff "has no constitutional right to work release or any temporary release program."  *Grant v. Ahern*, 2005 WL 1936175 (N.D.N.Y. 2005)(Magnuson, J.), *citing, Lee v. Governor of N.Y.*, 87 F.3d 55, 58-59 (2d Cir. 1996), *Romer v. Morgenthau*, 119 F. Supp.2d 346, 358-59 (S.D.N.Y. 2000).  As a result, prisoners in New York State are not entitled to the safeguards afforded by federal due process with respect to work release determinations.  Because plaintiff does not enjoyed a protected liberty interest in work release, any alleged deficiencies in the consideration of plaintiff's work release application do not state a claim upon which relief can be granted under 42 U.S.C. § 1983.

With respect to plaintiff's assertions that the defendants interfered with his right to conduct business, the Court notes that DOCS Directive 4422 prohibits an inmate from engaging in a business while in the custody of DOCS.  *See,* Dkt. No. 1, Exhibit M; *Jordan v. Garvin*, 2004 WL 302361 (S.D.N.Y. 2004).  Moreover,  "[i]t is well settled that inmates do not have a liberty or property interest in their ability to conduct business while incarcerated."  *Jordan v. Garvin, supra.* at *2, *citing Procunier v. Martinez*, 416 U.S. 396, 414 n.14 (1974) *rev'd on other grounds by Thornburgh v. Abbott, et al.*, 490 U.S. 410 (1989), *Matter of Cooper v. Smith*, 63 N.Y.2d 615 (1984).  Accordingly, the allegations set forth in the complaint fail to state a viable cause of action pursuant to §1983.

Plaintiff also alleges that the defendants illegally searched his cell without probable cause or warrant, and seized his business records and correspondence.  These records and correspondence were apparently used as the basis for a disciplinary proceeding against plaintiff for a violation of DOCS Directive 4422.  With respect to the cell search, it well established that "prisoners have no legitimate expectation of privacy" in their cell.  *Hudson v. Palmer*, 468 U.S. 517 (1984); *Turner v. Safley*, 482 U.S. 78 (1987).  Thus, searches conducted in a prison are not governed by the probable cause requirement.  *Turner supra.* at 79.  Rather, the inquiry is whether the action was taken in relation to a legitimate penological interest and in compliance with administrative standards.  Accordingly, plaintiff has failed to allege a violation of his constitutional rights with respect to this search and seizure.

Finally, plaintiff alleges that the defendants filed false and misleading disciplinary reports. Plaintiff does not allege that the results of the disciplinary proceeding have been reversed, or that he has exhausted his appeals with respect to that proceeding.  Nevertheless, it is well settled that a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.  *Boddie v. Schnieder*, 105 F.3d 857 (*citing Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986)).  However, a false misbehavior report cannot be used as retaliation against the inmate for exercising a constitutional right.  *Id.* (*citing Franco v. Kelly*, 854 F.2d 584, 588-90 (2d Cir.1988).  The Second Circuit has addressed the issue of retaliation claims.  *See Dawes v. Walker*, 239 F.3d 489, 491-93(2d Cir. 2001).  The Court in *Dawes* stated that in order to survive dismissal, the plaintiff must advance "non-conclusory" allegations establishing:

> (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action.

*Dawes, Id.* at 492 (citations omitted).  Thus, in any amended complaint filed in accordance with this Order, plaintiff must set forth the facts discussed above if he seeks to assert a claim that the

3

Order directed that the amended complaint **"which shall supersede and replace in its entirety plaintiff's original complaint**, must allege claims of misconduct or wrongdoing against the defendants which plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction." *Id.*

However, a review of the document docketed by the Clerk as plaintiff's amended complaint, and labeled by plaintiff as a "First Supplemental Complaint,"[4] reveals that it is not a pleading that sets forth plaintiff's causes of action, and the facts giving rise to such causes of action. Rather, the document appears to be a memorandum of law outlining why plaintiff disagrees with the September Order, and arguing the legal merits of plaintiff's claims. The only facts set forth are those that are woven into plaintiff's legal arguments.

In light of plaintiff's failure to file a pleading which sets forth a claim upon which relief may be granted, this action will be dismissed, without prejudice. In the event plaintiff wishes to pursue these claims, he may do so by initiating a new action that adequately pleads his claims against the defendants named herein.

Accordingly, it is hereby

ORDERED, that this action is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. §1915A(b)(1), and Rule 5.4(a) of the Local Rules of Practice of

---

misbehavior report was filed in retaliation for plaintiff engaging in constitutionally protected activity.

Further, plaintiff is advised that, in accordance with Fed.R.Civ.P. 8(a)(2), any amended pleading must be a **plain statement** of the **facts** giving rise to his claims, not a loquacious document replete with conclusory statements, plaintiff's opinions and characterization of events, and legal citations, argument and conclusions, as is the complaint presently before this Court. *Id.*

[4]The Court notes that the purported supplemental complaint is not proper under Rule 15(d) of the Federal Rules of Civil Procedure as it does not address claims arising since the date of the original complaint.

4

this District, and it is further, and it is further

ORDERED, that the Clerk serve a copy this Order on plaintiff by regular mail. It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated:      December 22, 2005
            Albany, New York

_____
Gary L. Sharpe
U.S. District Judge